UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11663-RWZ

WEN Y. CHIANG

v.

EQUIFAX INFORMATION SERVICES, LLC,
TRANSUNION CREDIT INFORMATION
and EXPERIAN INFORMATION SOLUTIONS, INC.

ORDER

January 31, 2014

ZOBEL, D.J.

Plaintiff Wen Y. Chiang alleges that between 2006 and 2009 he had a number of disputes with Bank of America, N.A. or MBNA America concerning a line of credit account and with FIA Card Services, N. A. ("FIA") concerning his Visa credit account and sued them, unsuccessfully, for reporting inaccurate information to three consumer reporting agencies ("CRA"). In the instant case he asserts, with respect to the same incidents, that the three CRAs, Equifax Information Services, LLC ("Equifax"), Transunion Credit Information ("Transunion"), and Experian Information Solutions, Inc. ("Experian"), violated the Fair Credit Reporting Act ("FCRA"), 15 U. S. C. § 1681 *et seq,* by failing to notify the banks of plaintiff's claimed disputes and provide to them all relevant information. In accordance with a stipulation between the parties, plaintiff dismissed the claims against Equifax with prejudice (Docket #73). Transunion and

Experian have moved for summary judgment (Docket ##88 and 94, respectively). The motions are allowed.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the record in the light most favorable to the nonmovant and draw all justifiable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Unsupported allegations and speculation do not demonstrate ... the existence of a genuine issue of material fact sufficient to defeat summary judgment." Rivera-Colon v. Mills, 635 F.3d 9, 12 (1st Cir. 2011).

First, the FCRA requires that claims under the Act be filed before the earlier of (a) 2 years after the date of discovery by plaintiff of the alleged violation; or (b) 5 years after the date on which the violation occurred. Since plaintiff was clearly aware of the disputes underlying the alleged violations during the entire period 2006 and 2009, the 2- year limitation applies. Since the instant complaint was filed on September 29, 2010, all claims for violations before September 29, 2008, are barred.

Second, when a consumer challenges the accuracy of information in a report, section 1681 i (a) of the FCRA requires the CRA to conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information." The statements of undisputed facts submitted by both defendants are supported by voluminous affidavits, copies of correspondence with plaintiff and Automated Consumer Dispute Verification ("ACDV") forms with responses. They clearly show that both defendants fully complied with the

statute.  Plaintiff's opposition focuses on defendants' failure to produce these documents in discovery during his earlier litigation with the bank; that is wholly irrelevant in this proceeding.  To the extent he denies defendants' statements, he does so without any evidence that the facts set forth in their submissions in this case are wrong or non-existent.  I further note that many of plaintiff's "Notices of Demand" to defendants are largely incomprehensible and vague as to the account complained of, the nature of the dispute and even plaintiff's address.  Indeed, on several occasions Transunion requested verification from plaintiff to enable it to discharge its statutory obligation.

Defendants' submissions further show that there is no factual dispute that the information contained in defendants' reports was accurate, and the case law is clear that a claim under section 1681 i (a) fails as a matter of law if there is no genuine question of fact as to the accuracy of the disputed information.  <u>DeAndrade v. Trans Union LLC</u>, 523 F.3d 61, 67-68 (1st Cir. 2008).

Defendants' motions for summary judgment are allowed.  Judgment may be entered for Transunion Credit Information and Experian Information Solutions, Inc.


|  January 31, 2014  |  /s/Rya W. Zobel  |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |